# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF INDIANA
# INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 1:10-cr-0172-TWP-KPF |
| | ) | |
| DAVID HAZEL and ALLISON HAZEL, | ) | |
| | ) | |
| Defendants. | ) | |

## ENTRY GRANTING EVIDENTIARY HEARING
## ON DEFENDANTS' MOTION FOR *FRANKS* HEARING

Defendant David Hazel, by counsel James Edgar, and Defendant Allison Hazel, by counsel Vernon E. Lorenz, moved the Court for an order to set this matter for a *Franks* hearing (Dkt. 43) for the purpose of suppressing evidence allegedly obtained in violation of their constitutional rights. The United States of America, by Assistant United States Attorney Michelle Brady ("Government"), filed its response in opposition to the *Franks* hearing and the motion to suppress. After reviewing the parties' briefs and exhibits in support thereof the Court set this matter for an evidentiary hearing on the motion to suppress. Said hearing is scheduled for January 5, 2012, at 10:30 a.m. To promote the orderly progression of this matter, the Court makes the following findings:

The Court finds that a hearing is required on the motion to suppress as the Defendants have demonstrated a significant factual dispute that must be resolved. See *United States of America v. Sophie*, 900 F.2d 1064 (7th Cir. 1990). Defendants are charged with one count of manufacturing with intent to distribute more than 100 marijuana plants, a Schedule 1, Non-Narcotic Controlled Substance, in violation of Title 21 U.S.C. Section 841(a)(1) and 841 (b)(1)(B). The charge arises from evidence seized during a search performed by Indianapolis Metropolitan Police Department ("IMPD") officers, pursuant to a search warrant of the

Defendants' home following Mrs. Hazel's report of a robbery in progress. Defendants challenge the accuracy, veracity and omission of several statements contained in the probable cause affidavit used to secure the search warrant and have requested a hearing pursuant to *Franks v Delaware*, 438 U.S. 154 (1978).

The Court finds the Defendants have made a substantial preliminary showing that the omission of a statement regarding the fact that the intruder had fled the home could reasonably have affected the state court magistrate's finding of probable cause for the search warrant. Further, the Government admits that there appears to be a lack of clarity on the facts which formed the basis for Detective Vitali's search warrant. Different officers have differing versions of the facts. Despite the additional facts and clarifications offered in the Government's supplemental declaration by Officer Cox, the Court finds that an evidentiary hearing is warranted to determine the accuracy and veracity of the statements or omissions and to determine whether such statements or omissions were necessary to the finding of probable cause.

When a defendant "has made a substantial preliminary showing that the search of his home was unlawful pursuant to the Supreme Court's decision in *Franks*, the Fourth Amendment entitles him to a hearing to challenge the veracity of the affidavit that police used to procure the search warrant". See, *United States of America v. Harris,* 464 F.3d 733 (7th Cir. 2006). The Court has, therefore, scheduled a hearing. Defendants will have the burden of demonstrating by a preponderance of the evidence that the search warrant must be voided and the fruits of the search suppressed.

SO ORDERED.

Dated: 01/04/2012

_____
Hon. Tanya Walton Pratt, Judge
United States District Court
Southern District of Indiana

DISTRIBUTION:

James A. Edgar
J. Edgar Law Offices, PC
jedgarlawyer@gmail.com

Vernon E. Lorenz
Vernon E. Lorenz, P.C.
vlorenz@vernonlorenzlaw.com

Michelle P. Brady
United States Attorney's Office
michelle.brady@usdoj.gov